IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP E. BOOSE,

                              Petitioner,

    v.                                                           OPINION and ORDER

LOUIS WILLIAMS, II,                                        17-cv-303-jdp

                              Respondent.

---

       Petitioner Phillip E. Boose, appearing pro se, is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. Boose seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2003 conviction in the Western District of Missouri for being a felon in possession of ammunition, with an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on three prior Missouri drug convictions. Boose challenges his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), contending that the Missouri criminal statutes defining his predicate offenses prohibited conduct broader than the conduct contemplated by the ACCA. The petition is now fully briefed.[1] I conclude that Boose is not entitled to habeas relief, so I will dismiss the petition.

---

[1] The parties have filed a series of motions to supplement their filings or asking for a ruling on the petition, all of which I will grant. I will consider all of the parties' supplemental filings in addressing Boose's petition. Respondent filed a motion seeking clarification about his duty to file an answer in a § 2241 case or alternatively for more time to file a combined procedural and substantive response to the petition. Dkt. 11. I will grant the motion for extension of time and I accept respondent's response addressing both procedural and substantive issues.

BACKGROUND

In 2003, a jury in the United States District Court for the Western District of Missouri convicted Boose of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. Boose*, No. 03-cr-15-HFS (W.D. Mo.); *see also United States v. Boose*, 92 Fed. App'x 377, 378 (8th Cir. 2004). The sentencing court applied an enhanced sentence under the ACCA based on Boose's three prior Missouri drug convictions. Boose appealed the sentence and later filed several unsuccessful postconviction motions under 28 U.S.C. §§ 2255 and 2241 attacking various aspects of his convictions and sentence. Following the United States Supreme Court's decision in *Mathis*, Boose filed his current § 2241 petition.

ANALYSIS

Boose challenges his ACCA sentence under *Mathis*, a case in which the Supreme Court clarified when it would be inappropriate for sentencing courts to apply the "modified categorical approach" to criminal statutes capable of being violated in multiple ways. 136 S. Ct. 2243. In this case, Boose contends that his sentencing court erroneously found that his prior Missouri convictions for sale of a controlled substance were serious drug offenses under the ACCA. More specifically, he contends that the Missouri criminal statute under which he was convicted criminalized conduct that fell outside the scope of what the ACCA considers a "serious drug offense." The ACCA defines a serious drug offense as "an offense . . . involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Respondent contends that Boose's petition should be denied because his challenges to the applicability of the ACCA to his Missouri convictions were not foreclosed by existing Eighth Circuit law at the time he brought a § 2255 motion in 2005. So, because Boose could have raised this issue when he brought his § 2255 motion, he is foreclosed from bringing it now. I need not consider respondent's argument about whether Boose could properly have raised his arguments in his earlier § 2255 motion, because Boose loses on the merits of his *Mathis* argument.

Boose was convicted under Missouri Revised Statute § 195.211 (1999) ("Distribution, delivery, manufacture or production of a controlled substance"), which stated in relevant part:

> it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Boose's argument concerns the scope of the statutory term "deliver." The definition provision of the Missouri drug-regulation statutes, Missouri Revised Statute § 195.010 (1999), defined "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one person to another of drug paraphernalia or of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." Mo. Rev. Stat. § 195.010(8). In turn, "sale" was defined to "include[] barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." Section 195.010(36).

Boose's main argument is that that this statutory scheme prohibits a range of conduct wider than that defined as a "serious drug offense" by the ACCA. The argument is that under Missouri law, "deliver" can mean a "sale," which in turn could mean several different things,

including merely offering to sell drugs. And, according to Boose, merely offering to sell drugs is not a predicate offense under the ACCA.

Boose's argument has some support in decisions from jurisdictions outside Missouri. For example, the Court of Appeals for the Tenth Circuit has held that a Kansas statute that criminalized a mere offer to sell drugs without the actual intent to sell was not a controlled substance offense under the Career Offender Guidelines. *See United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017). In *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the Court of Appeals for the Fifth Circuit analyzed a similar statute under *Mathis*, concluding that the statute was not divisible. The court's decision implied that a mere offer to sell, without the intent to sell, would not be a controlled substance offense under the Career Offender Guidelines. Because the concept of controlled substance offense under the Guidelines is essentially the same as "serious drug offense" under the ACCA, these Career Offender Guidelines cases would offer some support for Boose's argument.[2]

But I do not have to rely on cases outside of Missouri. The Missouri Court of Appeals analyzed the elements of § 195.211 in *State v. Sammons*, 93 S.W. 3d 808, 810–812 (Mo. App. 2002). In that case, the defendant had offered to sell cocaine, took the buyer's money, and left, presumably to retrieve the cocaine. But the defendant never returned, so there was no actual delivery of cocaine. The Court of Appeals overturned the conviction, on the grounds that there was insufficient evidence to support a jury finding that the defendant actually intended to sell

---

[2] I have considered, and denied, a similar *Mathis* challenge to convictions under Mo. Rev. Stat. § 195.211. *See Stiles v. Williams*, No. 17-cv-471-jdp, 2017 WL 4990667, at *2 (W.D. Wis. Oct. 31, 2017). But that case was decided at the screening stage, and the precise issue of statutory construction raised by Boose was not fully briefed, so I won't rely on my analysis from that case.

4

cocaine. "Since Defendant took the money and never returned, it is equally reasonable to infer that Defendant never intended to transfer anything to [the buyer]. He simply stole his money. That would clearly be a crime, but not the sale of a controlled substance." *Id*. at 812. So, according to the Missouri Court of Appeals, § 195.211 does not criminalize the mere utterance of an offer to sell a controlled substance; it covers only a sincere offer in which the defendant intends to sell.

The Court of Appeals for the Eighth Circuit relied on *Sammons* in holding that a conviction under § 195.211 is a controlled substance offense under the Career Offender Guidelines. *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir. 2018) ("Thomas's convictions . . . require more than 'mere words of an offer' for a sale, thus qualifying as controlled substance offenses." (citing *Sammons*)); *see also Murray v. Werlich*, No. 17-CV-141-CJP, 2018 WL 2266727, at *3 (S.D. Ill. May 17, 2018) ("Sale 'includes barter, exchange, or gift, or offer therefor,' each of which involves distribution. Notably, the Missouri controlled substances statute does not criminalize a mere offer without intent to sell." (citing *Thomas*)).

Boose is right that the caselaw developing the exact meaning of the statutory terms "delivery" and "sale" postdate his Missouri convictions. But the timing of court decisions parsing the statutory language is immaterial. Courts have held that the Missouri statute under which Boose was convicted does not criminalize a mere offer without the actual intent to sell, and that a conviction under this statute constitutes a controlled substance offense under the Career Offender Guidelines. I conclude that Boose's convictions also qualify as serious drug offenses for purposes of the ACCA.

Boose also raised a secondary argument, in a motion to amend his petition. Dkt. 10. He contends that the terms of the statutes under which he was convicted are too broad under

5

*Mathis* because Missouri's definition of "delivery" includes the attempted transfer of an "imitation controlled substance." Section 195.010(8). He contends that delivery of an imitation controlled substance falls outside the definition of a serious drug offense.

I will allow Boose to amend his petition, but I conclude that his new theory is also without merit. Boose was convicted under § 195.211, which specifically prohibits distribution, delivery, manufacture, or production of a controlled substance. A separate statute prohibits delivery or manufacture of an imitation controlled substance. Mo. Rev. Stat. § 195.242 (1999). The definitional section, § 195.010, applies to both of these statutory crimes. The fact that "delivery" is defined with respect to both controlled substances and imitation controlled substances does not imply that the delivery of an imitation controlled substance would support a conviction under § 195.211. So I conclude that § 195.211 does not cover conduct that would fall outside the definition of serious drug offense under the ACCA.

Finally, Boose reiterates his argument that his three Missouri convictions should be considered as only one conviction because they were charged together in one proceeding and that they occurred within two weeks of each other. In screening Boose's petition, I told him that this claim could not be brought in a § 2241 petition, *see* Dkt. 7, at 4 n.2, and nothing he has filed in support of his petition changes that analysis.

ORDER

IT IS ORDERED that:

1. Petitioner Phillip E. Boose's motion to amend his petition, Dkt. 10, is GRANTED.

2. Respondent's motion for an extension for time to file a combined procedural and substantive response, Dkt. 11, is GRANTED.

3. The parties' motions supplementing their briefing or asking for a ruling, Dkt. 18, 19, 20, 21, 23, 25, 26, 27, 28, 29, and 30, are GRANTED.

4. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

Entered November 28, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge