IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BOOSE,

    Petitioner,

    v.                                                  Case No. 17-cv-303-jdp

MATTHEW MARSKE, Warden[1]

    Respondent.

---

**RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION**

---

Respondent, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, by Alice H. Green, Assistant United States Attorney for that District, submits this response to Petitioner's motion to reconsider this Court's opinion and order denying Petitioner habeas relief pursuant to 28 U.S.C. § 2241. Because nothing in Petitioner's motion calls into question this Court's order dismissing his § 2241 petition, Respondent asks the Court to deny reconsideration.

On December 12, 2018, Petitioner filed a motion pursuant to Fed. R. Civ. P. 59(e), asking the Court to reconsider its order denying § 2241 relief in light of two opinions: *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), and *Martinez v. Sessions*, 893 F.3d 1067 (8th Cir. 2018). According to Petitioner, these two cases support his claim for § 2241

---

[1] The current warden of Oxford-FCI is Matthew Marske, who is automatically substituted as Respondent in these proceedings in place of the former warden, Louis Williams, II, in accordance with Fed. R. Civ. P. 25(d).

relief, because, he contends, they demonstrate that the Missouri drug convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA) criminalize a broader range of drug types than those listed in the Controlled Substances Act. Like the petitioner in *Martinez v. Sessions*, Boose bases his new overbreadth argument on the inclusion of two drugs in Missouri's controlled substances statute, salvia divinorum and ephedrine, which are not included in the federal statute.[2] He argues that under the categorical approach of *Mathis v. United States*, 136 S.Ct. 2243 (2016), his three prior Missouri drug convictions for selling cocaine base, in violation of Mo. Rev. Stat. § 195.211 (1999), cannot qualify as serious drug offenses under the ACCA, 18 U.S.C. § 924(e)(2)(A)(ii), and this Court erred in concluding that he had failed to establish a miscarriage of justice for relief from his sentence under § 2241 and the savings clause in 28 U.S.C. § 2255(e). Respondent disagrees.

Motions for reconsideration are limited to correcting manifest errors of law or fact, or to present newly discovered evidence; they are not an opportunity for litigants to reargue the merits of their claim. *Bordeon v. Chicago School Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir.

---

[2] The Eighth Circuit rejected Martinez's contention and denied his petition for review, concluding that the 2003 version of the same Missouri statute was divisible by drug type. Simply referring to Martinez's "counter argument," Boose develops no arguments and cites no authority in his reconsideration motion to show why the Eighth Circuit's reasoning and conclusion were incorrect. Undeveloped arguments are waived and, in any event, the *Martinez* decision, as discussed further below, is correct. Boose also overlooks the fact that unlike later versions of the Missouri drug schedules, the 1999 version that applied to him did not list salvia divinorum. See Mo. Rev. Stat. § 195.017 (1999). Ephedrine, however, was included as a Schedule IV substance in the 1999 version. Mo. Rev. Stat. § 195.017.8(6) (1999).

2003). Both *Elder* and *Martinez* were available to Boose well before this Court docketed its opinion in his case on November 28, 2018, and neither circuit opinion addresses the broad meaning of "serious drug offense" in the ACCA. In *Elder*, the Seventh Circuit relied on *Taylor v. United States*, 495 U.S. 575 (1990), and *Mathis* to hold that a conviction under Arizona's indivisible dangerous-drug statute was too broad to constitute a "felony drug offense" for an enhanced sentence under 21 U.S.C. § 851 and the definition of such an offense in 21 U.S.C. § 802(44), "restrict[ing] conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added). *Martinez* involved a petition for review to the Eighth Circuit of a decision of the Board of Immigration Appeals that the 2003 version of the same Missouri controlled-substances statute under which Boose was convicted was a removable offense because it violated state law *relating to* a controlled substance as defined in 21 U.S.C. § 802. The Eighth Circuit concluded that it was, because the Missouri statute is divisible and the identity of the controlled substance is an element of the crime.

Boose's sentence, however, was based on the ACCA. No Supreme Court decision has required lower courts to determine the elements of the "generic" version of a "serious drug offense," rather than to apply the ACCA's statutory definition of that term. Congress has expressly and broadly defined "serious drug offense" in the ACCA to include offenses "under State law *involving* a set of listed drug activities: manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Arguably, courts do not need to search for the elements of generic definitions of "serious drug offense"

3

because that term is already defined by federal statute. *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014). Nevertheless, both before and after *Mathis* some courts, including the Eighth Circuit, have applied a generic-offense analysis to determine the term's meaning. *See, e.g., United States v. Ford*, 888 F.3d 922 (8th Cir. 2018), citing *United States v. Brown*, 598 F.3d 1013 (8th Cir. 2010).

In any event, just as with his initial *Mathis* claim, Boose was not foreclosed by any 8th Circuit binding precedent from making an argument at the time of his direct appeal or his initial § 2255 motion that under the logic of *Taylor* the Missouri drug statute was overbroad as to drug type. On this ground alone, the Court could deny reconsideration here. *See Fenner v. Kallis*, Case No. 17-cv-01392-MMM, 2018 WL 6171766 at *2 (C.D. Ill. Nov. 26, 2018) (denying petitioner's motion for reconsideration in light of *Elder* of his *Mathis*-based challenge to his predicate felony drug convictions, because "*Elder* affirms the logic of *Taylor*," and "points to nothing which prevented defendants from making the same argument before Elder did"). Moreover, *Elder* simply applies the holding in *Mathis* that the modified categorical approach is appropriately used when the challenged statute is divisible by its elements. *Elder*, 900 F.3d at 502. Unlike the strictly categorical approach for statutes that are indivisible by its elements, divisible statutes permit courts to rely on underlying conviction documents, including charging papers, jury instructions, and available plea agreements, to learn what crime a defendant was convicted of. Id.; *Mathis*, 136 S. Ct. at 2249. *Martinez* specifically concludes that the 2003 version of the identically-worded Missouri drug statute under which Boose was convicted in 1999 is a statute divisible by drug

4

type, holding that "because the identity of the controlled substance is an element of the offense under [Mo. Rev. Stat.] § 195.211, the statute is divisible based on the drug involved." *Martinez*, 893 F.3d at 1073.  Thus, far from demonstrating any manifest error of law or fact in the Court's denial of § 2241 relief, the decisions in *Elder* and *Martinez* confirm that the Missouri drug statute used to classify Boose as an Armed Career Criminal is properly considered to be a divisible statute subject to the modified categorical approach and that his three prior convictions for selling cocaine base were properly classified as serious drug offenses under the ACCA.

In defining "serious drug offense" as an offense under state law involving distributing a controlled substance, the ACCA incorporated the definition in the Controlled Substances Act (CSA), 21 U.S.C. § 802.  Under the CSA, a controlled substance is a "drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). The drugs included in these schedules are listed in 21 U.S.C. § 812(c), and Schedule II (a)(4) specifically includes "cocaine."  As demonstrated by his underlying conviction documents in Jackson County, Missouri Case No. CR99-4871, *see* Exhibit 3, ECF No. 13-1, attached to Respondent's response, and also attached as Exhibit 1 to this response, Boose was charged with and pleaded guilty to selling the crack form of cocaine (cocaine base), which is a Schedule II controlled substance under the CSA.  21 U.S.C. § 812(c). *See*, *e.g.*, *United States v. Williams*, 533 F.3d 673, 675 (8th Cir. 2008).

At the time of Boose's convictions, the 1999 version of § 195.211 was in effect and the relevant portion of the Missouri statute stated:

> it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Mo. Rev. Stat. § 195.211(1) (1999). Another statute, Mo. Rev. Stat. § 195.010(5) (1999) defined "controlled substance" as "a drug, substance, or immediate precursor in Schedules I through V listed in sections 195.005 to 195.425," and Mo. Rev. Stat. § 197.017.4(1)(d) (1999) listed cocaine as a Schedule II controlled substance.[3] As already noted, the Eighth Circuit in *Martinez* looked to Missouri precedent to conclude that the 2003 version of the state's drug statute – with the same language as the 1999 statute in Boose's case – was divisible by drug type. *Id*. at 1071. The court in *Martinez* found that two Missouri Court of Appeals decisions, *Salmons v. State*, 16 S.W.3d 635 (Mo. Ct. App. 2000), and *State v. Harris*, 153 S.W.3d 4 (Mo. Ct. App. 2005), were instructive. *Id.* In *Salmons*, 16 S.W.3d at 638, the court held that the defendant's two convictions under § 195.211(1) for two distinct controlled substances did not violate double jeopardy. Similarly, in *Harris*, 153 S.W.3d at 8, the court held that double jeopardy did not occur where the defendant had one conviction under § 195.211(1) for trafficking in cocaine and another for trafficking in marijuana because the Missouri legislature made the "different controlled substances listed in Schedules I through V a separate and distinct offense

---

[3] Specifically, § 197.017.4(1)d) listed "[c]oca leaves and any salt, compound, derivative, preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine." The current version provides the same definition. Another provision in the 1999 version, § 197.017.8(6), also criminalized ephedrine, a substance that does not appear in the CSA's drug schedule.

under § 195.211(1)." Therefore, a prosecutor can prove a conviction under the Missouri statute if the "defendant possessed or trafficked a particular enumerated controlled substance." *Martinez*, 893 F.3d at 1071.

*Martinez* thus supports the conclusion that under Missouri precedent interpreting § 195.211's required elements the statute is divisible and drug type is an element of the offense. As explained, Boose's prior Missouri drug convictions under § 195.211 for selling cocaine base are also criminalized by the Controlled Substances Act. *See* § 812(c). Therefore, under a generic-offense analysis the sale of cocaine base is a "serious drug offense" under the ACCA, and Boose can show no manifest error in this Court's dismissal of his § 2241 petition.

For the foregoing reasons, Petitioner's motion for reconsideration should be denied.

Dated this 1st day of February, 2019.

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By:

*/s/ Alice H. Green*
ALICE H. GREEN
Assistant United States Attorney
222 West Washington Avenue, Suite 700
Madison, Wisconsin 53703
(608) 264-5158
alice.green@usdoj.gov

7

<u>Of Counsel</u>
Brian Casey
Assistant U.S. Attorney
U.S. Attorney's Office for the
Western District of Missouri
400 E. 9th Street
Kansas City, MO 64106