IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BOOSE,

    Petitioner,

    v.                                    Case No. 17-cv-303-jdp

MATTHEW MARSKE, Warden,
Federal Correctional Institution,
Oxford, Wisconsin,

    Respondent.

---

## RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO AMEND HIS PETITION FOR RELIEF UNDER 28 U.S.C. § 2241 WITH A NEW CLAIM

---

Respondent, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, by Alice H. Green, Assistant United States Attorney for that District, submits this response to Petitioner Philip Boose's motion to amend his petition for habeas relief pursuant to 28 U.S.C. § 2241. In his motion, Boose contends that the Supreme Court's June 21, 2019 decision in *Rehaif v. United States*, 588 U.S. —, 139 S.Ct. 2191 (2019), constitutes a new rule of law invalidating his conviction in the Western District of Missouri of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). According to Boose, in light of *Rehaif*, the government's failure to prove as an element at his trial that he knew his status as a convicted felon entitles him to relief from the conviction under § 2241 and is a ground for him to amend his § 2241 petition that this Court previously dismissed. Respondent disagrees and asks the Court to deny the motion to amend.

I.      **Procedural and Factual Background**[1]

On December 31, 2002, at approximately 2 a.m., Officer Matthew Bandler of the Kansas City, Missouri, Police Department was on patrol in Kansas City, Missouri, when he observed a brown Ford Bronco being driven by a subject he later identified as Boose. (Trial Tr. at 99, 101-03.) Officer Bandler stopped the Bronco for traffic violations, and Boose fled from the vehicle on foot, running to a residence where he hid under a bed. (Trial Tr. at 102-104.) With the assistance of other officers and a police helicopter, Officer Bandler was able to follow Boose into the residence and apprehend him. (Trial Tr. at 104.)

Officer Bandler took Boose into custody inside the residence for fleeing and the traffic violations. (Trial Tr. at 106-108.) Inside the residence, Officer Bandler conducted a brief frisk of Boose for weapons and escorted him outside to a waiting patrol wagon. (Trial Tr. at 107.) Once outside Officer Bandler conducted a more thorough search incident to the arrest. (Trial Tr. at 107-08.) Discovered in Boose's back pants pocket was a box of .32-caliber Winchester Western ammunition. (Trial Tr. at 113.) Officers searched the residence, the path Boose ran, and the Ford Bronco for a weapon, but no weapons were found. (Trial Tr. at 110.) Officer Bandler subsequently learned that Boose was a convicted felon and also placed Boose under arrest as a felon in possession of ammunition. (Trial Tr. at 108-10.)

Later that morning, Kansas City police detective Christopher Gilio, assigned as a task force officer to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, interviewed Boose about his possession of the ammunition. (Trial Tr. at 138-39.) Detective Gilio

---

[1] Respondent incorporates by reference the more detailed procedural history in his original Answer and Response, filed on July 25, 2017. Dkt. 13.

advised Boose of his *Miranda* rights and Boose signed a written waiver form, agreeing to speak with the detective. (Trial Tr. 141-145.) Boose explained his possession of the ammunition by stating, "It's New Year's," and he claimed that he was taking the ammunition to someone. (Trial Tr. at 147.)

On January 21, 2003, an indictment was returned by a grand jury in the United States District Court for the Western District of Missouri charging Petitioner Boose with one count of being an armed career criminal in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Crim. D.E. 11.[2]) A violation of being a felon in possession of ammunition would normally carry a statutory penalty of up to ten years' imprisonment under § 924(a)(2); however, Boose's status as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act or ACCA, increased the statutory range of punishment to 15 years to life imprisonment.[3]

Boose proceeded to a two-day jury trial, and the jury convicted him of the sole count. (Crim. D.E. 51, 53, 59.) At trial, the parties stipulated that on December 31, 2002, Boose was a felon convicted of a crime punishable by a term of imprisonment exceeding one year. (Trial Tr. at 97-98.).[4] Boose also testified at his trial. On direct examination, he admitted that in 2000 he had pleaded guilty to three counts of a felony controlled-

---

[2]"Crim. D.E." refers to docket entries in Boose's criminal case, *United States v. Boose*, Western District of Missouri Case No. 03-00015-01-CR-W-HFS.

[3]The ACCA increases the statutory maximum sentence, and requires a 15-year mandatory minimum sentence, if a defendant is convicted of being a felon in possession of a firearm or ammunition following three previous convictions for serious drug offenses or "violent felon[ies]." 18 U.S.C. § 924(e)(1).

[4] Relevant excerpts from the trial transcript are attached as an exhibit to this response.

3

substance offense (specifically trafficking drugs in the second degree) and was sentenced to probation, serving 120 days in a Missouri Department of Corrections facility. (Trial Tr. 241-242). Boose further testified that again in October 2000, he had pleaded guilty to possessing a controlled substance for which he received a six-year sentence and served 120 days in prison. (Trial Tr. 242). On cross-examination, Boose admitted that he was on probation for selling drugs at the time of his arrest and was not supposed to violate the law. (Trial Tr. 251, 260).

On September 23, 2003, Boose was sentenced to 240 months in prison. (Crim. D.E. 63.) Boose appealed, raising both objections to his ACCA designation and challenging the denial of his motion to suppress evidence. The Eighth Circuit affirmed. *United States v. Boose*, 92 Fed. Appx. 377, 378-79 (8th Cir.), *cert. denied* 543 U.S. 884 (2004).

On April 15, 2005, Boose filed an initial motion under 28 U.S.C. § 2255, raising the same claims he had presented on direct appeal, which the district court denied on the merits. (Civ. D.E. 1, 9.[5]) Boose also filed a number of motions seeking permission to file a successive § 2255 motion challenging his conviction, each of which was denied.[6]

On April 21, 2017, Boose filed a petition in this Court under 28 U.S.C. § 2241, requesting that his ACCA sentence be vacated and that he be released from custody

---

[5]"Civ. D.E." refers to docket entries in Boose's initial § 2255 proceeding, *Boose v. United States*, Western District of Missouri Case No. 05-00340-CV-W-HFS.

[6]*See Boose v. United States*, No. 07-3907 (8th Cir. April 28, 2008); *Boose v. United States*, No. 09-2526 (8th Cir. Aug. 10, 2009); *Boose v. United States*, No. 10-2598 (8th Cir. Nov. 9, 2010); *Boose v. United States*, No. 11-3877 (8th Cir. Jan. 27, 2012); *Boose v. United States*, No. 12-1864 (8th Cir. May 31, 2012); and *Boose v. United States*, No. 13-3093 (8th Cir. Dec. 26, 2008); and in the Supreme Court, *In re Boose*, 137 S.Ct. 168 (Oct. 3, 2016), a petition for a writ of habeas corpus which was denied.

because his prior convictions did not constitute serious drug offenses under *Mathis v. United States*, 579 U.S. \_\_\_, 136 S. Ct. 2243 (2016). Dkt. 1.[7] The Court denied Boose relief and dismissed the petition. Dkt. 32-33. Boose then filed a motion seeking reconsideration, which Respondent opposed and which is still pending. Dkt. 34, 35.

Boose has now filed a motion seeking permission to amend his § 2241 petition to present a new claim that his conviction must be vacated as violating the Supreme Court's recent decision in *Rehaif*.

## II. Analysis

### A. Legal Framework

A habeas corpus petition under § 2241 may be amended or supplemented as provided by Fed. R. Civ. P. 15, *see, e.g.*, 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). But after judgment has been entered, as it was here, an amendment is permitted only with the opposing party's written consent or the court's permission. See Fed. R. Civ. P. 15(a)(2); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985). And although a court should freely grant leave to amend when justice requires it, a court is under no obligation to permit a petitioner to amend where the amendment would be futile. *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (courts may deny leave to amend if the proposed amendment would be futile and could not survive a motion to dismiss); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (same).

---

[7]"Dkt." refers to docket entries in Boose's current § 2241 proceedings, *Boose v. Williams*, Western District of Wisconsin Case No. 17-cv-303-jdp.

5

Here, permitting Boose to amend his petition with a *Rehaif* claim would be futile because ample trial evidence shows that a rational juror could have inferred that Boose knew of his status as a convicted felon at the time he possessed the ammunition. Therefore, he cannot meet his burden to prove that in light of *Rehaif* his § 922(g)(1) conviction would constitute a miscarriage of justice, as required by Seventh Circuit law governing § 2241 relief, and his motion to amend should be denied.

Claims such as Boose's are ordinarily required to be brought in a § 2255 motion filed in the sentencing court. *See Taylor v. Gilkey*, 314 F.3d 832, 834 (7th Cir. 2002). A federal prisoner whose claim falls within the scope of a 28 U.S.C. § 2255 motion may nonetheless file a petition for a writ of habeas corpus in his district of confinement under 28 U.S.C. § 2241, if a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." See 28 U.S.C. § 2255(e); *Taylor,* 314 F.3d at 835. The Department of Justice's current position is that this so-called "saving clause" does not permit prisoners to use § 2241 to obtain collateral relief based on a new retroactively applicable decision of statutory construction. In other words, saving-clause relief under § 2241 cannot be used as a substitute for a second or successive § 2255 motion simply because a request to file a successive § 2255 would not be successful at the time such a motion was presented. *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1086-1087 (11th Cir. 2017) (en banc) (§ 2255 is not "inadequate or ineffective to test the legality of [defendant's] detention" merely because his argument would have been foreclosed by circuit precedent at the time of his initial motion); *Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011) (same).

6

The courts of appeal, however, are split on this issue, and Respondent acknowledges that Seventh Circuit case law is contrary to this position.which Respondent asserts only to preserve it in case of further review. But although the Seventh Circuit permits saving-clause relief under § 2241 for petitions that satisfy certain criteria, Boose's proposed amended claim based on *Rehaif* fails to satisfy this criteria, and permitting him to amend his petition on this basis would be futile.

Under Seventh Circuit law, where a change in statutory law would render a prisoner actually innocent or constitute a fundamental defect in his sentence, § 2241 may be available. *Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *see also Taylor*, 314 F.3d at 835 (7th Cir. 2002) (requiring fundamental error equivalent to actual innocence); *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) ("error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant") (citing *Montana*); *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("something more than a lack of success with a § 2255 motion must exist before the saving clause is satisfied"); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

To obtain saving-clause relief a petitioner must establish that: (1) he relies on a statutory-interpretation decision, rather than a constitutional one, which he cannot invoke by means of a second or successive § 2255 motion; (2) the new rule announced in the decision applies retroactively on collateral review and the petitioner could not have invoked the rule in an earlier proceeding; and (3) the error is grave enough to constitute a miscarriage of justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citations omitted).

The first prong is satisfied here because *Rehaif* is a statutory-interpretation case that narrows the definition of an offense and cannot be invoked by means of a second or successive § 2255 motion. *See Davenport*, 147 F.3d at 611; *see also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (finding claim of statutory interpretation "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

For the second prong, there are two components: retroactivity and prior unavailability of the challenge. *Rehaif* is a new rule of statutory construction, rather than a new rule of constitutional law, *see In re Palacios*, — F.3d —, No. 19-12571-G, 2019 WL 3436454, at *1 (11th Cir. July 30, 2019), and is retroactive to initial claims under § 2255. For purposes of this motion, Respondent does not dispute retroactivity.

Nor does Respondent dispute that "it would have been futile to raise a [*Rehaif*-type] claim in the petitioner's original [§] 2255 motion, as the law was squarely against him." *Montana*, 829 F.3d at 784 (citations, quotation marks, and alterations omitted). A claim based on the reasoning of *Rehaif* asserted at the time of Boose's § 2255 motion would have been foreclosed by binding precedent, *Brown v. Caraway*, 719 F.3d at 595 (citing *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012)), as law in the Eighth Circuit, Boose's circuit of conviction, foreclosed such a claim. *See United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) ("[I]t is well settled in this circuit that the government need only prove defendant's status as a convicted felon and knowing possession of the firearm"); *United States v. Lomax*, 87 F.3d 959, 962 (8th Cir. 1996) ("[T]he 'knowingly' element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions").

Boose's *Rehaif* claim, however, fails to satisfy the third prong, because he cannot show that he is actually innocent of the § 922(g)(1) offense and that there has been a "fundamental defect" in his conviction grave enough to be deemed a miscarriage of justice.

### B.      Boose Cannot Demonstrate a Miscarriage of Justice or Actual Innocence

Under federal statute, certain individuals are barred from possessing firearms or ammunition, including felons, aliens, drug users, and others. 18 U.S.C. § 922(g). The punishment section holds that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned. 18 U.S.C. § 924(a)(2); *Rehaif*, 139 S.Ct. at 2194.

Before June 21, 2019, when *Rehaif* was decided, every court of appeals to consider the issue had determined that the knowledge requirement in § 924(a)(2) applied only to the defendant's possession of a firearm or ammunition, not to his restricted status. However, in *Rehaif*, the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section 922(g) offense. *Id*. Although the defendant Rehaif was an unlawfully present alien who possessed a firearm and ammunition, in violation of Section 922(g)(5)(A), the Court's decision applies to all § 922(g) categories, including felons under § 922(g)(1).

Boose contends that because the jury did not find the new element dictated by *Rehaif*, he is innocent of the offense, his conviction is invalid, and he is entitled to collateral relief under § 2241. However, Boose cannot show he is actually innocent. His claim instead is of one of legal insufficiency, and based on the evidence at his trial, a reasonable

9

juror could have inferred that he knew he was a convicted felon at the time of his December 2002 offense. Boose's conviction must, therefore, stand.

"To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Holder*, 326 F.3d 1363, 1367 (7th Cir. 2003) (applying actual-innocence standard in a § 2241 case). The Supreme Court has held that "new reliable evidence" can be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Lund*, *id.*; *Schlup*, 513 U.S. at 324. A claim of actual innocence must be of "factual innocence, not mere legal insufficiency." *Sawyer*, 326 F.3d at 1367 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Seventh Circuit has never held that the actual-innocence exception applies "where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal." *Lund*, *id.* (citing *Gladney v. Pollard*, 799 F.3d 889, 897 (7th Cir. 2015) (declining to find whether a change in the Wisconsin self-defense law met the *Schlup* actual-innocence standard).

However, this Court need not decide whether a change in a statute can trigger the *Schlup* standard, because Boose fails to meet the other provision of the test. Boose merely argues that because the knowledge element was not found by the jury, he is actually innocent. Boose, however, fails to analyze the available evidence from his criminal proceedings that shows it is more likely than not reasonable jurors would have found he knew his status as a convicted felon.

10

Boose had five prior felony convictions in three cases. Boose had three felony convictions for sale of a controlled substance, in Jackson County, Missouri, Circuit Court, No. CR99-4871. On February 1, 2000, Boose was found guilty and sentenced to five years' imprisonment, with a suspended execution of sentence. Boose later was convicted of one count of possession of a controlled substance, in Jackson County Circuit Court, No. CR00-1769, and one count of drug-trafficking in the second degree, in Jackson County Circuit Court, No. CR00-3920. On October 26, 2000, Boose was found guilty in both cases and sentenced to six years' imprisonment. In addition, Boose's probation on the three prior convictions in No. CR99-4871 was revoked and his five-year sentence commenced. Boose was released on February 2, 2001, pursuant to Mo. Rev. Stat. 559.115, and placed on three years' probation on each charge.[8] Boose had been sentenced to imprisonment on two different occasions for state felony drug convictions.

At trial, Boose stipulated that he was a convicted felon. The stipulation, which was read to the jury, marked as an exhibit, and admitted into evidence, specifically stated: "It is stipulated and agreed by and between the parties, the plaintiff, United States of America, and the defendant, Phillip E. Boose, that at the time of the offense in the indictment the defendant had been convicted of a felony offense for which he could receive a term of imprisonment greater than one year." (*Id*.) In addition, during his direct testimony Boose admitted the details of his prior convictions, his knowledge of the crimes for which he had been convicted, the guilty pleas he had entered, and the sentences he

---

[8]These facts are discussed in ¶¶ 33, 37, and 39 of Boose's Presentence Investigation Report (PSR), pages 9-15. See Dkt. 14 (Exhibit 1 to Respondent's Answer and Response, Dkt.13).

had received and served. (Trial Tr. at 241-243). During cross-examination, he admitted that he was on probation for selling drugs at the time of the § 922(g)(1) offense, as he had told the interviewing detective when he was arrested, and knew he was not supposed to violate the law. (Trial Tr. at 251, 260). When during cross-examination the prosecutor tried to question Boose further about his prior convictions, the trial court sustained his counsel's objection on the ground that the question was cumulative of previously covered testimony. (Trial Tr. at 262-263).

The presentence investigation report contained additional facts from Boose's interview:

> The defendant stated he was aware of the reason for his arrest. He admitted seeing the billboards for the felon in possession program indicating "One will get you five." He also admitted being convicted twice for drug sales and possession, and added that he is currently on state probation for drug sales. The defendant stated he fled the vehicle and attempted to elude police officers because he feared he would be arrested for driving while suspended. The defendant admitted running inside the residence and hiding underneath a bed. The detective told the defendant that rounds of ammunition were missing from the box found in his pocket and asked if he had been in possession of a firearm. The defendant stated, "It's New Years," and added that he was taking the ammunition to "someone." The detective again asked the defendant if a firearm was involved, and he remained silent.

(PSR 4, ¶ 10.)[9]

---

[9] In determining the existence of a "miscarriage of justice" or Boose's claim of "actual innocence," this Court is not limited to the evidence presented at trial but may rely on every incriminating detail as it relates to the defendant's likely knowledge of his status, even if those details were not adduced at trial. *See Schlup*, 512 U.S. at 328 ("The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted . . . and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial").

Boose raises a claim of legal insufficiency, not factual innocence. He wrongly assumes that because the element of knowing he was a convicted felon was not included in the instructions and found by a jury, he is actually innocent and entitled to collateral relief from his conviction. But the evidence demonstrates that Boose knew he had at least one felony conviction at the time he possessed the ammunition in December 2002. Had it been included, any reasonable juror would have found the *Rehaif* element.

Because Boose cannot demonstrate that he is an innocent person entitled to relief under *Rehaif*, his motion to amend his petition for habeas relief should be denied as futile.

Dated this 19th day of August, 2019.

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By:

*/s/ Alice H. Green*
ALICE H. GREEN
Assistant United States Attorney
222 West Washington Avenue, Suite 700
Madison, Wisconsin 53703
(608) 264-5158
alice.green@usdoj.gov

Of Counsel
Philip M. Koppe
Assistant U.S. Attorney
U.S. Attorney's Office for the
Western District of Missouri
400 E. 9th Street
Kansas City, MO 64106