IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP E. BOOSE,

                              Petitioner,

v.                                                  ORDER

MATTHEW MARSKE,                          17-cv-303-jdp

                              Respondent.

---

Petitioner Phillip E. Boose, appearing pro se, is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. The matters before the court concern Boose's requests that I reconsider my denial of his habeas petition, Dkt. 34, and that I allow him to amend his petition, Dkt. 40. I will deny both requests.

Boose sought a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2003 conviction in the Western District of Missouri for being a felon in possession of ammunition, with an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on three prior Missouri drug convictions. Boose's original petition challenged his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), contending that the Missouri criminal statutes defining his predicate offenses prohibited conduct broader than the conduct contemplated by the ACCA. In particular, Boose contended that the Missouri statute under which he was convicted, § 195.211 (1999) ("Distribution, delivery, manufacture or production of a controlled substance"), criminalized mere offers to sell controlled substances, and that the definition of "delivery" included the attempted transfer of an imitation controlled substance. I denied Boose's petition, on the grounds that Missouri case law clarified that the statutes did

not criminalize a mere offer without intent to sell, and that the transfer of imitation drugs was covered by an entirely different statute. Dkt. 32.

Boose's motion for reconsideration of that decision, Dkt. 34, cites decisions issued after he filed his petition, *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), and *Martinez v. Sessions*, 893 F.3d 1067 (8th Cir. 2018), to support another *Mathis*-type theory: that the Missouri drug convictions cannot be used for an ACCA enhancement because Missouri included in its list of controlled substances salvia divinorum and ephedrine, which are not listed in the federal Controlled Substances Act. Thus, Boose's argument goes, the Missouri statute criminalizes more conduct than does the federal law, and thus his conviction cannot be a predicate felony drug offense. (As respondent explains, Boose is mistaken in part. Salvia divinorum was not listed in Missouri's controlled-substance schedule at the time of Boose's conviction. But ephedrine was in the Missouri schedule at the time.)

In *Elder*, the Court of Appeals for the Seventh Circuit concluded that an Arizona drug conviction did not qualify as a felony drug offense under 21 U.S.C. § 802(44). 900 F.3d at 503. Arizona's definition of "dangerous drug" was broader than the definition of a felony drug offense because it included substances not covered by § 802(44). But, critically, the Arizona statute was not a statute "divisible" by drug type—which is to say that different drugs constitute different *means* of committing the Arizona crime, and not different elements constituting separate crimes. *Id.* at 502–03.

In *Martinez*, an appeal from the Board of Immigration Appeals, the Court of Appeals for the Eighth Circuit concluded that the Missouri statute was divisible, unlike the Arizona statute. Under the Missouri law, the particular drug was an element of the crime. In this case, respondent supplemented its briefing with a recent Eighth Circuit case that came to the same

2

conclusion in an ACCA case. *United States v. Jones*, No. 18-2489, 2019 WL 3884258, at *1 (8th Cir. Aug. 19, 2019). The holdings in *Martinez* and *Jones* that the Missouri statute is divisible would seem to foreclose Boose's *Mathis*-type challenge to his conviction.

But Boose argues that there is a material difference between the *Martinez* case and his. In *Martinez*, the record of conviction established that Martinez possessed methamphetamine, a particular substance prohibited under both the Missouri statute and federal law. Boose says that the records of his conviction—the so-called "*Shepard* documents"—do not verify that he was convicted on the basis of a controlled substance prohibited under federal law. So, he says, under the modified categorical approach his drug convictions are not ACCA predicate offenses.

Boose's argument has two problems. First, if Boose's challenge is that the *Shepard* documents don't support the ACCA enhancement, his *Mathis*-based challenge is probably untimely because he is not really relying on the recent decision in *Elder*. Second, Boose's argument is factually unsupported: the charging documents for all three of his Missouri convictions show that Boose was charged with delivering cocaine base, which is a controlled substance under federal law, and thus counts under the ACCA. *See* Dkt. 38-1, at 2–3. So that dooms his motion for reconsideration.

Boose also moves to amend his habeas petition. Dkt. 40. Here he makes an entirely new argument: that following a recent United States Supreme Court decision, his felon-in-possession conviction should be vacated because the government didn't prove that he knew that he was a felon when he possessed ammunition. *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019) ("To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."). The government doesn't oppose the motion to amend as procedurally

3

improper, and it concedes—at least for purposes of this motion—that § 2241 is the proper avenue for this type of challenge and that *Rehaif* applies retroactively. So I will consider Boose's motion, but I will deny it because it is futile.

Boose can succeed on this § 2241 petition only if he can show that he is actually innocent of the charged crime. *See, e.g.*, *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012). "Actual innocence" means factual innocence, not mere legal insufficiency of proof of guilt. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Boose needs to present "evidence of innocence so strong" that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 327 (1995)). Boose's claim fails under this standard.

The question in *Rehaif* was whether the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," which barred him from possessing a firearm. The Court concluded that the government indeed needed to prove that Rehaif knew that he was in illegal alien status. Here the question would be whether Boose knew that he was a felon. Boose contends that "the government didn't endeavor to prove [he] knew he was a felon." Dkt. 40, at 2. Boose is right, because under pre-*Rehaif* practice, the government had to prove that Rehaif was a felon, but it did not have to prove that Boose *knew* that he was a felon.

But the government's failure to prove Boose's knowledge does not mean that Boose actually lacked that knowledge. Here, respondent has submitted transcripts from Boose's trial showing that Boose signed a stipulation stating that he had previously "been convicted of a felony offense for which he could receive a term of imprisonment greater than one year."

Dkt. 44-1, at 5–6. On direct examination, Boose admitted that he had been convicted of several felonies with potential sentences of more than one year, although his prison time was either suspended or cut short. *Id.* at 7–8. Boose argues that he didn't need to challenge these facts given the issues at play in his trial and that he had been too young to fully understand that he actually received felony convictions. But the record, particularly Boose's stipulation, provides more than enough evidence to support a reasonable jury verdict that Boose knew that he was a felon. Boose fails to meet the high actual-innocence standard on this claim.

Boose also says that the government didn't attempt to prove that he knew that he was barred from possessing ammunition. But *Rehaif* does not require the government to prove a *willful* violation of § 922(g), only a *knowing* one. This means that the government must prove that the defendant knew that he was in one of the categories enumerated in § 922(g), and that the defendant knowingly possessed the prohibited item. But the government need not prove that the defendant specifically knew that he was legally prohibited from possessing a firearm or ammunition.

I will deny Boose's motion to amend his petition, and this case will remain closed.

ORDER

IT IS ORDERED that:

1. Petitioner Phillip E. Boose's motion for reconsideration of the court's November 28, 2018 decision denying his petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 34, is DENIED.

2. Petitioner's motion to amend his petition, Dkt. 40, is DENIED as futile.

Entered September 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge